

FILED
SUPERIOR COURT
OF GUAM

2018 JUN 13 AM 8: 41

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ISLAND EYE CENTER, INC. dba ISLAND EYE AND RETINA CENTER, | ) Civil Case No. CV0026-17 |
| | ) |
| Plaintiff, | ) **DECISION AND ORDER** |
| | ) |
| vs. | ) |
| | ) |
| PETER N. LOMBARD, M.D., ADVANCED EYECARE LLC dba LOMBARD HEALTH, DESIREE NEDEDOG, JOHN and JONE DOES 1 through 20, | ) |
| | ) |
| Defendants. | ) |

## I.   STATEMENT OF THE CASE.

This matter came before the Honorable Michael J. Bordallo on Plaintiff's Motion for Partial Summary Judgment, taken under advisement on April 6, 2018. Attorney Daniel J. Berman represents Plaintiff Island Eye Center, Inc. dba Island Eye and Retina Center ("Island Eye"). Attorney Delia Lujan Wolff represents Defendants Peter N. Lombard, M.D. ("Lombard"), Advanced Eyecare LLC dba Lombard Health ("Lombard Health") and Desiree Nededog ("Nededog") (collectively "Defendants"). After having received and reviewed the papers, arguments and the file herein, the Court hereby DENIES Plaintiff's Motion for Partial Summary Judgment.

## II.  BACKGROUND.

This matter arises out of Island Eye's January 17, 2017 Complaint.[1] On March 20, 2017, Island Eye amended its Complaint and asserted the following seven causes of action: (1) Common Law Misappropriate of Trade Secrets; Unfair Competition against all Defendants; (2) Civil Conspiracy against all Defendants; (3) Breach of Contract: Non-Solicitation against Lombard; (4) Breach of Fiduciary Duties against Lombard and Nededog; (5) Breach of Covenant of Good Faith and Fair Dealing against Lombard; (6) Breach of Contract: Non-Competition against Lombard; and (7) Injunctive Relief against all Defendants. Am. Compl. at 10-19. The Request for Relief seeks monetary damages, punitive damages, injunctive relief, attorneys' fees and costs, and any other relief deemed appropriate. Id. at 19.

On April 6, 2018, Island Eye filed a Motion and Memorandum for Partial Summary Judgment, seeking summary judgment on the causes of action for breach of contract. Defendants Peter N. Lombard, M.D., Advanced Eyecare LLC dba Lombard Health, and Desiree Nededog filed an Opposition on May 11, 2018. Island Eye filed its Reply on June 1, 2018.

## III.  ISSUES.

1.  Whether Island Eye is entitled to summary judgment on its claims of breach of contract.

## IV.  FACTS.

1.  On August 9, 2010, and by extension on November 17, 2011, Lombard entered into a services/employment contract with Island Eye. Am. Compl. at 2.

2.  From August 9, 2010, to February 28, 2013, Lombard served as a licensed medical doctor for Island Eye. Id.

3.  On January 31, 2013, Lombard executed and recorded, with the Department of Revenue and Taxation, Articles of Organization for an LCC called Advanced Eyecare. Def's Opp. at 3.

---

[1] The initial Complaint asserted the following eight causes of action: (1) Breach of Contract: Non-Solicitation against Lombard and Lombard Health; (2) Breach of Contract: Non-Competition against Lombard and Lombard Health; (3) Breach of Fiduciary Duties against Lombard and Lombard Health; (4) Breach of Covenant of Good Faith and Fair Dealing against Lombard and Lombard Health; (5) Intentional Interference with Prospective Economic Advantage or Tort against all Defendants; (6) Unfair Competition - Common Law Misappropriation of Trade Secrets against all Defendants; (7) Civil Conspiracy against all Defendants; and (8) Injunctive Relief against all Defendants. Compl. at 3-13.

4. Lombard's contract to render medical services on behalf of Island Eye ended on February 28, 2013. Am. Compl. at 2.

5. According to the Amended Complaint, Island Eye has developed a number of "trade secrets" including its client list, various procedures, unique treatment protocols, forms, litigation and claim experiences, and insurance relationships that are the product of over twenty years of business. Am. Compl. at 4-6. Island Eye Employees, including Lombard, were exposed to this information during employment. Id. at 6-7.

6. On September 5, 2017, this Court issued a Decision and Order dismissing Island Eye's Sixth Cause of Action (Breach of Contract: Non-Competition against Lombard). Dec. and Ord. (Sep. 5, 2017). In that Decision, the Court ruled that Section 17 of Lombard's contract with Island Eye Center, a non-competition clause, was facially void due to its overbreadth.

## V.    PRINCIPLES OF LAW.

**Summary Judgment**

Rule 56 of the Guam Rules of Civil Procedure regulates when a court may grant summary judgment. Guam R. Civ. P. 56. Summary Judgment is appropriate if the pleadings, deposition, interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Guam R. Civ. P. 56(c), Izuka Corp. v. Kawasho International, (Guam), Inc., 1997 Guam 10 ¶ 7. Further,

> a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (citations omitted).

In rendering its decision on a motion for summary judgment, a court must draw inferences and view the evidence in a light most favorable to the non-moving party. Bank of Guam v. Flores, 2004 Guam 25. If, however, the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in

the pleading but must produce at least some significant probative evidence to support the pleading, <u>Edwards v. Pacific Financial Corporation</u>, 2000 Guam 27 ¶ 17. Consequently, a court's "ultimate inquiry is to determine whether the 'specific facts' set by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." <u>Id</u>.

## VI.     ANALYSIS.

Island Eye's Motion states that it is moving for "partial summary judgment on its causes of action for breach of contract. Of the six causes of action listed in Island Eye's Amended Complaint, two are for breach of contract. These are the Third Cause of Action (Breach of Contract: Non Solicitation) and Sixth Cause of Action (Breach of Contract: Non-Competition against Lombard). This Court dismissed the Sixth Cause of Action on September 5, 2017, leaving the Third Cause of Action as the only cause of action for breach of contract. The Court notes that the Third Cause of Action is against Defendant Lombard only. In its Reply brief, Island Eye asserts that "breaches of the Duty of Loyalty, Covenant of Good Faith and Fair Dealing and Fiduciary Duties are a breach of contract," and the present motion therefore seeks summary judgment on all related causes of action. Pl's Reply at 1-2. The causes of action to be determined are as follows:

> Third Cause of Action (Breach of Contract: Non-solicitation)
> Fourth Cause of Action (Breach of Fiduciary Duties)
> Fifth Cause of Action (Breach of Covenant of Good Faith and Fair Dealing)

Am. Compl. at 12-15.

Despite this Court already ruling the non-compete clause of Lombard's employment contract facially void, Island Eye argues that it is entitled to summary judgment based on common law breach of contract. Island Eye is therefore left to argue that Lombard, during the course of his employment with Island Eye, competed directly with Island Eye by forming an LLC and poaching Island Eye's employees.

Common law does not provide a cause of action for breach of fiduciary duty after an employment contract has ended. Island Eye must show that Defendants' actions went beyond merely planning a future competitive enterprise. "Every agent owes his principal the duty of undivided loyalty. During the course of his agency, he may not undertake or participate in activities adverse to the interests of his principal. In the absence of an agreement to the

contrary, an agent is free to engage in competition with his principal after termination of his employment but he may plan and develop his competitive enterprise during the course of his agency only where the particular activity engaged in is not against the best interests of his principal." Sequoia Vacuum Sys. v. Stransky, 229 Cal. App. 2d 281, 287 (Ct. App. 1964). The Court will now address whether Island Eye has met the necessary burden to warrant the granting of summary judgment pertaining to the three causes of action for breach of contract.

**Third Cause of Action (Breach of Contract: Non-solicitation)**

While conceding that he set up an LLC prior to the expiration of his contract with Island Eye, Lombard denies contacting any Island Eye employees regarding potential employment opportunities prior to February 28, 2013.

In its Amended Complaint, Island Eye claims that Lombard breached his contract by soliciting Island Eye employees, but the instances alleged all occurred in 2015, over two years after the termination of Lombard's employment contract with Island Eye. Island Eye has failed to demonstrate that Lombard recruited Island Eye employees at a time when he owed a duty of loyalty to Island Eye. The Court therefore denies summary judgment on this cause of action.

**Fourth Cause of Action (Breach of Fiduciary Duties)**

Island Eye's claim for Breach of Fiduciary Duties alleges that Defendants Lombard and Nededog breached their duties of loyalty to Island Eye by soliciting employees who "possess, know and well understand the Island Eye patient listing and Trade Secrets, confidential information, health insurance relationships, protocols and methods of specialized ophthalmic care and treatment of the eye and vision with the ultimate goal of establishing a competing Surgical Eye and planned LASIK treatment center." Am. Compl. at 13-14. Island Eye argues that Defendants Lombard and Nenedog took "affirmative steps to solicit the Prior Island Eye Employees and establish a competitive corporation." Id. As with the Third Cause of Action for non-solicitation, this Court finds that Lombard's denial of recruiting Island Eye employees during his employment with Island Eye constitutes a genuine issue of material fact.

Further, Lombard's formation of an LLC does not alone constitute a violation of fiduciary duty. "The mere fact that the officer makes preparations to compete before he resigns his office is not sufficient to constitute a breach of duty." Bancroft-Whitney Co. v. Glen, 64 Cal. 2d 327, 346, 411 P.2d 921 (1966). "This principle has been specifically applied to hold

that an employee's mere formation of a potentially competing corporation does not breach a duty to his employer." <u>Mamou v. Trendwest Resorts, Inc.</u>, 165 Cal. App. 4th 686, 719 (2008). For the reasons stated, the Court hereby denies summary judgment on this cause of action.

**Fifth Cause of Action (Breach of Covenant of Good Faith and Fair Dealing)**

Island Eye's claim for Breach of Covenant of Good Faith and Fair Dealing alleges that Defendant Lombard, due to his employment with Island Eye, "owed a duty to Island Eye to disclose the ownership interest he had taken and created in Lombard Health, while employed by Island Eye, and disclosed [*sic*] his plan and intention to take Trade Secrets, solicit Island Eye employees, establish a competing Surgical Eye and planned LASIK treatment center, and to immediately compete against Island Eye, and as well to refrain from any self-dealing with regard to the establishment of Lombard Health, all of which have occurred at the expense of Island Eye." Am. Compl. at 15.

Lombard has conceded that he registered his LLC while still employed by Island Eye. Lombard has denied taking any further actions to compete with Island Eye until after his employment had terminated. The Court does not find that the registering of an LLC, without further action, constitutes a breach of loyalty to Island Eye.

The Court finds that Island Eye's allegations regarding breach of duty of loyalty are overly broad and lack the factual specificity needed for the Court to grant summary judgment. For this reason, the Court denies summary judgment on this cause of action.

**VII.    CONCLUSION AND ORDER**

Based on the forgoing, the Court finds that summary judgment is not appropriate at this time. Plaintiff's motion is DENIED.

SO ORDERED, this __12th__ day of __June__ 2017.

SERVICE VIA COURT ...
... that a co ...
... was ...
/Berman/
/Luisa/
6/13/18
/Jovanni/
Deputy ...

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam